United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FREDDIE ADAMS, et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>BRG SPORTS, INC., et al.,<br><br>   Defendants. | Case No. 5:17-cv-00688-EJD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Re: Dkt. No. 44 |

Plaintiffs bring claims arising from allegedly defective football helmets manufactured by Defendants. Defendants have moved to dismiss and to sever Plaintiffs' claims. Plaintiffs now move for leave to file an amended complaint. Plaintiffs' motion will be granted.

**I. BACKGROUND**

Plaintiffs are 42 "former high school athletes now suffering from several symptoms indicative of long-term brain and neurocognitive injuries." Compl. ¶ 20, Dkt. No. 1. Defendants Riddell, Inc., BRG Sports, Inc., and All American Sports Corporation are manufacturers of football helmets. Id. ¶¶ 79–145. Plaintiffs allege that they suffered injuries resulting from

1  Defendants' defectively designed helmets and from Defendants' negligence and failure to warn.
2  Id.
3  Nonresident Defendants Riddell and All American Sports have moved to dismiss under
4  Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. Dkt. No. 25. In addition, all defendants
5  have moved to dismiss under Fed. R. Civ. P. 8 for failure to provide adequate notice and failure to
6  plead plausible claims for design defects or failure to warn. Dkt. No. 26. Finally, all defendants
7  have moved to sever Plaintiffs' claims. Dkt. No. 27.
8  Plaintiffs now move for leave to file an amended complaint. Dkt. No. 44.

## II. LEGAL STANDARD

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[R]ule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (internal citations and quotations omitted). However, where a party moves to amend after a specific deadline to amend pleadings, the "good cause" standard for modification of a scheduling order under Rule 16(b) governs. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607–08 (9th Cir. 1992).

Here, the more lenient Rule 15(a) standard applies because the Court has not yet set a deadline for filing amended pleadings. Under Rule 15(a), leave to amend should be granted unless amendment (1) would cause prejudice to the opposing party, (2) is sought in bad faith, (3) creates undue delay, or (4) is futile. Chudacoff v. Univ. Med. Ctr. of S. Nev., 649 F.3d 1143, 1153 (9th Cir. 2011). Consideration of prejudice to the opposing party carries the greatest weight. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

## III. DISCUSSION

Plaintiffs seek to amend their complaint to cure the deficiencies that Defendants identify in their two motions to dismiss (at Dkt. Nos. 25 and 26). Dkt No. 44. In particular, Plaintiffs seek to add facts identifying where and when each Plaintiff played high school football, to add facts about

Case No.: 5:17-cv-00688-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
2

the liability of each Defendant, and to add facts showing why the nonresident defendants are subject to personal jurisdiction. Id. at 3.

Defendants also suggest that amendment would "unfairly prejudice" them. Dkt. No. 45 at 10. The Court finds that Defendants would suffer minimal prejudice since the nature of the claims and the underlying legal theories would remain unchanged in Plaintiffs' amended complaint.

Defendants argue that Plaintiffs' proposed amendments are futile because they fail to overcome Defendants' arguments in favor of dismissal and severance. Dkt. No. 45 at 1. Whether Plaintiffs' amended pleadings are sufficient to survive Defendants' challenges, however, is a question on the merits under Fed. R. Civ. P. 8, 12(b)(2), and 20(a). Under Rule 15(a), "courts ordinarily defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." Hynix Semiconductor Inc. v. Toshiba Corp., No. C-04-04708 VRW, 2006 WL 3093812, at *2 (N.D. Cal. Oct. 31, 2006). Accordingly, amendment is warranted here. Defendants may refile their motions for dismissal and severance to address the added factual allegations in Plaintiffs' amended complaint.

## IV. CONCLUSION

Plaintiffs' motion for leave to file an amended complaint (Dkt. No. 44) is GRANTED. Defendants' motions to dismiss and to sever (Dkt. Nos. 25, 26, and 27) are DENIED without prejudice. Plaintiffs shall file their amended complaint as a separate docket entry.

**IT IS SO ORDERED.**

Dated: November 9, 2017

EDWARD J. DAVILA
United States District Judge

Case No.: 5:17-cv-00688-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

3