


Joseph H. Low IV (SBN 194897)
THE LAW FIRM OF JOSEPH H. LOW IV
100 Oceangate, 12th Floor
Long Beach, CA 90802
Telephone: (562) 901-0840
Facsimile: (562) 901-0841
joseph@jhllaw.com

Vincent P. Circelli (*Pro Hac Vice*)
CIRCELLI, WALTER & YOUNG, PLLC
500 East 4th Street, Suite 250
Fort Worth, TX 76102
Telephone: (682) 703-2019
vinny@cwylaw.com

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDIE ADAMS, Jr., et al.<br><br>Plaintiffs,<br><br>vs.<br><br>BRG SPORTS, INC, et al.<br><br>Defendants. | CASE NO: 5:17-cv-00688-EJD<br><br>**JOINT STIPULATION TO DISMISS WITHOUT PREJUDICE DEFENDANT ALL AMERICAN SPORTS CORPORATION AND TO TRANSFER THE ACTION TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**<br><br>District Judge: Hon Edward Davila<br>Magistrate Judge: Hon. Howard R. Lloyd |

TO THE HONORABLE COURT:

The plaintiffs and the defendants, by and through their respective attorneys of record, hereby stipulate: (1) to the voluntary dismissal of defendant All American Sports Corporation without prejudice on *in personam* jurisdiction grounds in accordance with Civil L.R. 7-12; and (2) to the transfer of this action to the United States District Court for the Northern District of Illinois as to remaining defendants (a) BRG Sports, Inc., pursuant to 28 U.S.C. § 1406, and (b)

Riddell Inc., pursuant to 28 U.S.C. § 1631. In support of this stipulation, the parties state as follows:

This action was filed on February 10, 2017. On May 5, 2017, the defendants moved to dismiss for lack of personal jurisdiction as to defendants Riddell, Inc. and All American Sports Corporation (ECF No. 25), to sever the plaintiffs' claims (ECF No. 27), and to dismiss the complaint for failure to state a claim (ECF No. 26). The plaintiffs opposed those motions, and on July 6, 2017, the plaintiffs moved for leave to amend their complaint (ECF No. 44). This Court granted the motion for leave to amend and denied the defendants' motions to dismiss and to sever without prejudice (ECF No. 44). The plaintiffs have not filed an amended complaint in this Court.

On October 23, 2017, the plaintiffs filed a letter drafted to Judge Freeman in a similar case (*Mark Adams v. Riddell, Inc*., Case No. 5:17-cv-00457) informing that Court as well as this Court (by copy of that correspondence) that the plaintiffs: (1) intended to move to dismiss defendant All American Sports Corporation; (2) would amend their complaint in the *Mark Adams* matter as well as in this matter to conform with Judge Freeman's instructions made on the record at a hearing on October 5, 2017; (3) would seek transfer of this action (along with the *Mark Adams* action) against the remaining defendants to the United States District Court for the Northern District of Illinois; and (4) stipulated to severance of the plaintiffs' claims to take place thirty days after the transfer to the Northern District of Illinois (ECF No. 51).

Pursuant to 28 U.S.C. § 1406, the "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Because BRG's principal place of business is now located within the Northern District of Illinois, this action could have been brought there initially, making transfer to the Northern District of Illinois proper under 28 U.S.C. § 1406. Moreover, transfer will promote the interests of justice given that it will serve the convenience of the parties and witnesses.

Pursuant to 28 U.S.C. § 1631, if an action is brought in the wrong court and the court finds "that there is a want of jurisdiction," a federal district court "shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought

at the time it was filed or noticed . . . ." 28 U.S.C. § 1631. Riddell, Inc. moved to dismiss on the grounds that this Court lacks personal jurisdiction over it. Although plaintiffs initially opposed that motion, they have agreed to withdraw their opposition to that motion and to transfer the action to a district that has personal jurisdiction over Riddell, Inc.—which is the Northern District of Illinois, where Riddell, Inc. has its principal place of business.

NOW, THEREFORE, in consideration of the foregoing, the parties stipulate as follows:

- To the voluntary dismissal of defendant All American Sports Corporation from this action without prejudice on *in personam grounds*; and
- To the transfer of this action as against the remaining defendants to the United States District Court for the Northern District of Illinois, with transfer as to BRG Sports, Inc. being under 28 U.S.C. § 1406, and transfer as to Riddell, Inc. being under 28 U.S.C. § 1631;

Plaintiffs further agree and hereby stipulate to:

- Amend their complaint within 30 days of transfer to conform as appropriate with Judge Freeman's on-the-record instructions made at the October 5, 2017 hearing in *Mark Adams v. Riddell, Inc.*, Case No. 5:17-cv-00457 (ECF No. 57); and
- Sever the plaintiffs' claims from each other within 30 days of transfer.

**IT IS SO STIPULATED**.

Dated: December 11, 2017        CIRCELLI WALTER & YOUNG, PLLC


By: */s/ Vincent Circelli*
Vincent Circelli (admitted pro hac vice)
*Attorney for Plaintiffs*


Dated: December 11, 2017        BOWMAN AND BROOKE LLP


 */s/ Eden M. Darrell*
Eden M. Darrell
*Attorney for Defendants*

## **SIGNATURE ATTESTATION**

I, Eden M .Darrell, am the ECF user whose ID and password are being used to file this stipulation. In compliance with Civil Local Rule 5-1(i), I attest that counsel for the Defendants have concurred in this filing and consented to the use of their electronic signature.

*/s/ Eden M. Darrell*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2017, the stipulation was filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to the attorneys of record in this case.

DATED: December 11, 2017

By: */s/ Eden M. Darrell*